

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

October 5, 1948

Hon. C. H. Cavness
State Auditor
Austin, Texas

Attention:
Mr. William A. Harrison

Opinion No. V-696

Re: Effective dates of clem-
ency proclamations and
the legality of payment
of discharge funds 5
years after a condition-
al pardon is granted.

Dear Sir:

In your letter of recent date you request an
opinion by this department upon the following questions:

"Under Section 10 of Article 6203,
Vernon's R. C. S., the Texas Prison Sys-
tem is required to pay $5.00 to each pa-
rolee who receives a Conditional Pardon.

"In checking the records of the Texas
Prison System we find that during the cal-
endar year 1948 the Prison System has made
payments to parolees who received Condi-
tional Pardons back in the year 1943. Is
this procedure legal in view of our two-
year Statute of Limitation?

"In our examination of Clemency Proc-
lamations signed by the Governor, we find
that the Texas Prison System is following
the practice of starting Clemency on the
date the convict is released from Prison,
in view of the fact that specified dates
are not shown in the Clemency Proclama-
tions.

"This procedure has caused confusion
as no one seems to know whether such

Clemency should become effective as of
the date of the Proclamation or as of the
date the prisoner is released from Prison.
Will you please advise what procedure
should be followed?"

Section 10 of Article 6203 of Vernon's Civil
Statutes is as follows:

"Upon the discharge of any prisoner
upon parole, either under the provisions of
this Act, or through the exercise by the
Governor of executive clemency, independent
of this Act, such person so paroled, shall
be furnished by the proper officers of the
State Prison Board with such clothing as is
usually furnished to prisoners upon dis-
charge from prison in this State together
with a railroad non-transferable ticket
from the place of his discharge to the place
of his conviction and sentence, and in addi-
tion thereto the sum of $5.00."

The current appropriation for the Texas Pris-
on System contains the following rider:

"Discharged convicts revolving fund,
Twenty-five Thousand ($25,000.00) Dollars
is continued and reappropriated until Sep-
tember 1, 1949, to be deposited equally in
the First National Bank oi Huntsville and
the Huntsville National Bank, and each of
said Banks shall deposit with the General
Manager of the Prison System, bonds or se-
curity to be approved by the Prison Board
and the Attorney General of the State of
Texas to secure said deposit, and this ap-
propriation is made under and by virtue of
the law of the Acts of the First Called Ses-
sion of the 43rd Legislature, page 228,
Chapter 104, and it is the intent of the
Legislature to carry this Act out in full
as provided for in Chapter 104, Acts of the
First Called Session of the 43rd Legisla-
ture, and all discharged, paroled, or par-
doned convicts shall be paid out of this
fund from moneys earned from any source of
the Prison System and deposited to this

fund under the provisions of said Chapter
104 of the Acts of the First Called Ses-
sion of the 43rd Legislature."

The Prison Revolving Fund thus appropriated is
a part of the State monies, and the appropriation there
made is a part of the biennial appropriation and as such
expires at the end of the biennium.

Answering your questions in the order in which
they are above repeated, we beg to advise:

It is the opinion of this office that biennial
appropriations are meant to cover items and claims for
the current period for which the appropriations are made,
and may not be used for purposes such as you mention of
paying claims arising prior to such appropriations.

Undoubtedly, an appropriation could be made to
pay an existing liability antedating the Act if the lan-
guage used clearly evidenced such intention, but no such
intention appears in the rider quoted. Your first ques-
tion, therefore, is answered in the negative.

An executive clemency is the Act of the Governor
evidenced by his proclamation. The legal effect of the
proclamation is to tender to the convict the clemency
therein defined, and in the terms and upon the conditions
therein stated. Any clemency (especially one involving
conditions) must be accepted by the convict before it be-
comes effective. Ex parte Frazier, 239 S. W. 972; Ex
parte Davenport, 7 S. W. (2d) 589. For computing the
time of the clemency, therefore, the period begins when
the proclamation is made known to the Prison Manager, the
prisoner has accepted the same and has been actually re-
leased thereunder.

### SUMMARY

The appropriation of the current biennium
to the Texas Prison System for paying $5.00 to
a convict receiving a conditional pardon may
not be used to pay those convicts whose condi-
tional pardons were issued prior to the Appro-
priation Act.

A clemency to a convict released from
prison is computed, as to time, from the day

such convict is released from the Prison.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By Ocie Speer
Assistant

OS:wb

APPROVED:

ATTORNEY GENERAL